**SO ORDERED.**

**SIGNED this 07 day of November, 2011.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION**

IN RE:

| | |
|---|---|
| TROY W. MAURER, | CHAPTER 13 |
| DESIREE M. MAURER, | CASE NO. 10-02278-8-RDD |
| DEBTORS | |

**ORDER GRANTING MOTION FOR SANCTIONS
FOR VIOLATION OF AUTOMATIC STAY**

Pending before the Court is the Motion for Section 362(h) Sanctions filed by Troy W. Maurer and Desiree M. Maurer (the "Debtors") on August 4, 2011 (the "Motion") and the Response to Motion for Section 362(h) Sanctions filed by Randal Brent Meads, Sr. ("Meads") on August 26, 2011 (the "Response"). The Court conducted a hearing on October 25, 2011 in Greenville, North Carolina to consider the Motion and Response.

**BACKGROUND**

The Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on March 23, 2010. The Debtors' Chapter 13 case was dismissed on July 29, 2011 for failure to comply with the provisions of the confirmed Chapter 13 plan or to obtain confirmation of a plan. On September 7, 2011 the order dismissing the Debtors' case was set aside. At all times while the

Debtors' case remained open, the automatic stay provided by 11 U.S.C. § 362 of the Bankruptcy Code was in effect.

Several years prior to filing the petition, the Debtors and Meads entered into a lease agreement (the "Agreement") for real property located at 1015 John White Road, Elizabeth City, North Carolina (the "Property").  The Agreement provided that Meads would lease the Property to the Debtors for $1,200.00 per month.  The Agreement also provided the Debtors with the option to purchase the Property and stated that $400.00 from each month's rent would be applied to the total purchase price of $215,000.00.  The duration of the lease and other terms of the Agreement are disputed by the Debtors and Meads.  The Debtors acknowledged the existence of the Agreement with Meads in the petition by listing it in Schedule G and indicating their intent to assume the Agreement under 11 U.S.C. § 365.  The confirmed Chapter 13 Plan provided that rent under the Agreement would be paid by the Debtors directly to Meads outside the plan.

On July 8, 2011, the Debtors were served by the Sheriff of Pasquotank County with a Magistrate Summons and Complaint in Summary Ejectment (the "Complaint").  A hearing was scheduled before a state court magistrate in Pasquotank County on July 19, 2011 (File number 11-CVM-586).  On July 18, 2011, the Debtors' attorney faxed a letter to the Pasquotank County Magistrates Office stating that the Debtors had filed for bankruptcy protection on March 23, 2010 and were protected from the collection of pre-petition debts by the automatic stay provided in § 362.  The Debtors' attorney mailed the same letter to Meads on July 18, 2011.  The male Debtor attended the trial on the Complaint in Summary Ejectment on July 19, 2011.  At the trial, the Pasquotank County District Court entered a judgment in favor of Meads granting possession of the Property to Meads.  However, no monetary damages were awarded because, as stated by the state court

magistrate, the automatic stay prevented the entry of a judgment awarding monetary damages. The Debtors appealed the magistrate's decision. The matter was subsequently dismissed by Meads.

In the Motion, the Debtors contend that Meads willfully violated § 362(a) by filing the Complaint after receiving notice of the Debtors' bankruptcy petition and without filing a motion to lift the automatic stay. The Debtors assert they lost wages in order to attend court and have incurred expenses in order to appeal the magistrate's judgment. Furthermore, the Debtors assert that they experienced emotional stress and humiliation as a result of the Complaint. The Debtors request sanctions pursuant to § 362(h)[1] in the amount of $10,000.00 and attorneys' fees in the amount of $2,500.00.

In the Response, Meads asserts that he was unaware that his right to evict the Debtors was limited by the bankruptcy petition. At the hearing, Meads testified that he received notice of the Debtors' bankruptcy petition in March 2010 and that he showed the notice to his attorney. Meads also testified that he believed the petition had no effect on evicting the Debtors because he believed the Agreement terminated prior to the petition date and the amount of rent in default accrued after the filing of the petition. Furthermore, Meads argued that he had not received the letter sent to him by the Debtors' attorney advising that the summary ejectment proceeding was stayed by § 362(a) when the judgment was entered. Meads testified that the reason he neither sought nor was he awarded any amount for past due rent was because the bankruptcy petition precluded him from recovering on those debts. Meads stated that he believes the Debtors owe between $3,000.00 and $6,000.00 in past due rent. Therefore, Meads asked for the Court's leniency.

---

[1] The Court notes that the Motion seeks sanctions pursuant to § 362(h). Prior to the passage of BAPCPA, the section regarding damages for violation of the automatic stay was § 362(h). After the passage of BAPCPA, the correct provision reference is § 362(k).

3

## DISCUSSION

Section 362(a) of the Bankruptcy Code imposes a stay on "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362 (a)(3) (2011). Furthermore, § 362(a)(6) prevents "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under" title 11. 11 U.S.C. § 362(a)(6) (2011). The Bankruptcy Code also provides that any "individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1) (2011). This Court has held that "willfulness does not refer to the intent to violate the automatic stay, but the intent to commit the act which violates the automatic stay." *Lofton v. Carolina Fin. LLC (In re Lofton)*, 385 B.R. 133, 140 (Bankr. E.D.N.C. 2008) (citing *Citizens Bank v. Strumpf (In re Strumpf)*, 37 F.3d 155 (4th Cir.1994), *overruled on other grounds* 516 U.S. 16, 11 (1995)). Furthermore, "[i]f the creditor intentionally acts and its actions violate the automatic stay, the creditor's acts are willful." *In re Peggy L. Jones*, No. 06-00380-8-RDD, at 3 (Bankr. E.D.N.C. June 27, 2007).

Based on the Motion, the Response, and the evidence received at the hearing, the Court finds that Meads was aware that the Debtors filed a bankruptcy petition on March 23, 2010. The evidence presented at the hearing indicates that Meads received the notice of the bankruptcy and forwarded it to his attorney. Additionally, while Meads may not have seen the letter sent by the Debtors' attorney on July 18, 2011 indicating the Complaint violated the automatic stay, Meads should have learned of the letter requesting that the summary ejectment be stayed at the trial on July 19, 2011. Accordingly, Meads had an opportunity to withdraw the Complaint, but continued on with the trial. In mitigation as to the actions of Meads, the state court magistrate gave a legal opinion that the

hearing on the ejectment could proceed, but no action could be maintained for monetary damages. Certainly, Meads relied on the representation of the state court magistrate. However, the Court finds that by filing the Complaint, Meads intended to obtain possession of the Property by seeking a judgment ordering the Debtors to return possession to him. Meads sincere belief that the lease agreement was no longer in effect serves as a factor in mitigation in the computation of damages. However, Meads did have the requisite intent to commit the willful acts of filing the complaint and proceeding with the trial, both of which violated the automatic stay. The Court finds these actions were willful violations of the automatic stay.

Therefore, the Motion is **GRANTED.** The Debtors are entitled to sanctions in the amount of past due rent, which is at least the amount of $3,000.00, owed to Meads. The amount of past due rent shall be equal to an amount necessary to bring the Debtors current under the lease arrangement through October 2011. Meads shall certify and credit the Debtors' account current through October 2011. The Debtors shall begin paying the $1,200.00 rental payments on November 1, 2011 and shall continue the payments on the first day of each month for the life of their confirmed Chapter 13 Plan. If the Debtors fail to make a payment by the tenth day of each month, TIME BEING OF THE ESSENCE, the Debtors are deemed in default and the automatic stay as to the Property shall be automatically lifted and terminated. The Debtors, upon such default, shall immediately turnover and surrender the premises to Meads. The Debtors are also awarded attorneys' fees for the prosecution of this motion in the amount of $1,500.00. Meads shall pay the Debtors' attorney, Mr. Allen Murphy of Gillespie & Murphy, P.A., within thirty (30) days from the date of the entry of this order.

**SO ORDERED**.

**END OF DOCUMENT**